UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REXFORD FUNDING, LLC, a Delaware
limited liability company,

        Plaintiff,

                                File No.  2:06-CV-79

v.

                                HON. ROBERT HOLMES BELL

JVS POWERSPORTS USA, INC., a
Michigan corporation, and JOHN STACH
a/k/a JOHN VON STACH, a Canadian
citizen,

        Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**REGARDING DEFENDANTS' MOTIONS IN LIMINE**

This matter comes before the Court on two motions in limine jointly filed by

Defendants JVS Powersports USA Inc. ("JVS") and John Stach.  (Docket # 62, Defs.' Joint

Mot. in Limine to Exclude Witnesses;  Docket # 64, Defs.' Joint Mot. in Limine to Strike

Deps.)  This matter was originally set for trial on March 26, 2007; however, the Court

granted a stipulation that rescheduled the trial to November 5, 2007.  Defendants filed both

of the motions that are presently before the Court on February 28, 2007.

Defendants' first motion in limine seeks to exclude witnesses or limit Plaintiff's

damage claims because Plaintiff failed to make certain pretrial disclosures thirty days before

the original trial date of March 26, 2007, as required by Federal Rule of Civil Procedure

26(a)(3).  Plaintiff's failure to make the specified disclosures was mooted by the rescheduling

of the trial.  If Plaintiff fails to the make the required disclosures thirty days prior to the November 5, 2007, trial date, then Defendants may renew their motion.

Defendants' second motion in limine seeks to exclude the depositions of Keith Davis and Defendant Stach.  Plaintiff deposed Mr. Davis, as a representative of JVS, and Defendant Stach on July 6-7, 2006.  Defendants allege that at the depositions the court reporter provided by Plaintiff "appeared to be unqualified and uncertified as a court reporter."  (Defs.' Joint Mot. in Limine to Strike Deps. 2.)  Defendants further allege that the court reporter did not know "how to swear in the witnesses." (*Id.*)  Lastly, Defendants allege that upon reviewing the deposition transcripts defense counsel determined that "there were numerous errors in the testimony." (*Id.*)  Defendants seek to exclude the deposition testimony of Mr. Davis and Defendant Stach based on these alleged deficiencies.

Defendants have not offered any affidavits or other evidence to support these allegations.  Moreover, if the facts are as alleged by Defendants, then Defendants have waived any objection to the deposition transcripts based on the competency of the court reporter.  Defense counsel decided to permit the depositions to proceed despite the fact that the court reporter "appeared to be unqualified and uncertified . . . ." (*Id.*)  At a minimum, defense counsel could have refused to proceed, and if Plaintiff's counsel persisted defense counsel could have contacted the Magistrate Judge or the District Judge.  Defense counsel, however, did not take any such action.  These depositions took place on a Thursday and a Friday, so defense counsel had the opportunity to contact the Magistrate Judge or the District

2

Judge.  The waiver of any objection to the court reporter is further evidenced by Defendants' decision to return for a second day.  If defense counsel was unsure of the court reporter's competence at end of the first day of the depositions, then at that juncture defense counsel could have contacted the Magistrate Judge or the District Judge.  Instead, Defendants returned for a second day of depositions to be recorded by a court reporter that defense counsel believed to be "unqualified and uncertified."  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' joint motion in limine to exclude and strike any witnesses or exhibits to be proffered by Plaintiff, or in the alternative, to limit Plaintiff's damage claim and exhibits to those previously disclosed in Plaintiff's initial disclosures and information produced pursuant to the Court's March 30, 2006 stipulated order (Docket # 62) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' joint motion in limine and brief in support thereof striking the introduction of deposition testimony or transcripts for trial purposes (Docket # 64) is **DENIED**.

Date:   September 26, 2007          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE

3